IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIGUEL A. SANTOS COTTO

    Plaintiff

    v.

COMMISSIONER OF SOCIAL SECURITY

    Defendant

CIVIL NO. 04-1995 (JAF)

**REPORT AND RECOMMENDATION**

The plaintiff filed this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405 (g), seeking judicial review of the final decision of the Commissioner of Social Security denying his application for disability benefits. Upon careful review of the administrative record, as well as the parties' memoranda (Docket Nos. 10,12) the Court concludes that the Commissioner's determination is supported by substantial evidence of record, hence must be **AFFIRMED**.

In the instant case, the ALJ found that plaintiff, who is now 36 years old, had disorder of muscle ligament and fascia, controlled hypertension and an affective disorder, but that he did not have an impairment or combination of impairments listed in, or medically equal to, the Commissioner's Listing of Impairments. 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ went on to find that plaintiff had the residual functional capacity to perform light work that did not involve complex tasks. The ALJ concluded that in view of plaintiff's capacity for light work, along with his age, education and work experience, plaintiff was not disabled, based on the use of the Commissioner's Medical-Vocational Guidelines. This decision is indeed supported by the medical evidence of record.

On February 27, 2001, plaintiff was examined by Dr. David S. Osteen for complaints of right knee pain resulting from a fall the previous year. An MRI revealed degenerative tear in the posterior and medial meniscus and posterior lateral meniscus as well. On April 10, 2001, plaintiff underwent an arthroscopy on his right knee. Plaintiff was discharged on the same date with orders for physical

**CIVIL NO. 04-1995 (JAF)**                              2

therapy (Tr. 195, 201-202). On June 26, 2001, Dr. Osteen reported that plaintiff's condition had improved. Although there was some quad atrophy, there was no obvious swelling and no joint line tenderness.

On January 23, 2002, Dr. Jorge L. Calderón Jiménez submitted a medical report indicating that he had first seen plaintiff on September 13, 2001 and had last examined him on January 17, 2002. Dr. Calderón reported that plaintiff's motor system was within normal limits; sensory system was within normal limits; reflexes were normal bilaterally; there was no ataxia; and gait and station were normal. Extremities revealed no limitation of movement, no deformities, no inflamation, no fractures, no edema or throphic changes and pulsations were good. Plaintiff's mental condition was within normal limits (Tr. 219-221).

On February 25, 2002, plaintiff underwent a consultative orthopedic evaluation by Dr. Benigno López. Plaintiff was found to have an adequate appearance. Gait was normal. Neck movements were within normal limits with no neurological deficit. Thoracolumbar spine revealed essentially normal range of motion; low back discomfort; minimal paraspinal lumbar spasm; no deformities; and no neurological deficits. Upper extremities revealed normal range of motion; no painful areas; no swelling; no muscular weakness; no deformities; and no neurological deficits. Lower extremities revealed normal range of motion; there was discomfort during the examination with exertion of the knees; there was grade three muscular weakness due to lack of use; there was no atrophy; there was no swelling; there were no deformities; and there were no neurological deficits. Specific signs in the joints were normal in the right and left knees. X-rays of plaintiff's right knee, left knee and lumbosacral spine were all interpreted as normal. Plaintiff was diagnosed as having internal degeneration of the knees; rupture of meniscus in the right knee, post arthroscopy; and lumbar muscle spasm. Dr. Lopez was of the opinion that plaintiff could lift up to 15-20 pounds (Tr. 222-234).

Plaintiff has also had a cardiac examination, including a holter, but the only diagnoses was that plaintiff had high blood pressure. Plaintiff received treatment for his hypertension and his blood pressure readings from February 19, 2002 through February 28, 2002 reveal that plaintiff responded

**CIVIL NO. 04-1995 (JAF)**                          3

well to medication.  There is no evidence of end organ damage and a chest x-ray revealed normal findings (Tr. 234, 337-371).

The record also includes a residual functional capacity assessment from a state agency physician who reviewed th medical evidence of record.  In April, 2002 (Tr. 244-251), Dr. Vicente R. Sanchez Quiles concluded that plaintiff could perform up to light work, with the ability to sit for six hours a day, and stand and walk for six hours a day, with normal breaks.

Plaintiff also complained of pain.  The ALJ duly considered plaintiff's complaints, but found them not credible to the degree alleged in light of the medical findings of record (Tr. 23-24).  The ALJ's credibility assessment is consistent with the absence of medical findings of a condition which would cause the alleged degree of pain.

On September 6, 2001, plaintiff was admitted to the hospital for an episode in which he exhibited suicidal ideas and severe depression.  Plaintiff was diagnosed as having severe major depression, single episode, without psychotic features/abuse of alcohol and cannabis.  The hospital notes further reveal that toxicology screening was positive, but no laboratory findings were given and no further explanations were made.  At the time of discharge on September 10, 2001, plaintiff was described as having had an adequate response to treatment and medication and he reportedly had a GAF of 55 (Tr. 318-232).

Plaintiff has also received treatment for depression at the APS Healthcare and Behavioral Healthcare Partners, Inc. Treatment notes from these facilities do not contain any findings to reveal the presence of a severely limiting condition.  Rather, at APS plaintiff was described as doing well (Tr. 304-309, 324-327).

On March 13, 2002, plaintiff underwent a consultative psychiatric evaluation by Dr. Jorge Santiago Colón.  Plaintiff was found to have an adequate appearance.  Communication was spontaneous and he spoke in a low tone of voice.  He was coherent, relevant, logical and he associated ideas well. He did not present loss of ideas during interview.  He did not present suicidal or homicidal ideas.  His behavior was cooperative and open.  He appeared to anxious and worried. Thought content was centered on his concentration problems and deteriorating memory.  He reported

**CIVIL NO. 04-1995 (JAF)**                                    4

no perceptual distortions. Affect was restricted, congruent with his mood and appropriate. Mood was dysthymic. He was oriented in person, place and time. Memory for immediate recent and remote events was preserved. Attention span was preserved. His concentration was adequate. His intellectual capacity was below average. His capacity to judge the current reality and anticipate the consequences of his acts was preserved. Plaintiff was found capable of managing his funds. Plaintiff was diagnosed as having depression, not otherwise specified, rule out major depression - severe, single (episode) (Tr. 235-242).[1]

Dr. Ramón Alonso, a psychiatrist, also testified at the disability hearing as a medical advisor (Tr. 55-63). Dr. Alonso reviewed the medical evidence of record and was of the opinion that plaintiff's mental condition did not meet or equal the severity of an impairment listed in the Commissioner's Listing of Impairments. He further stated that the record fails to show that plaintiff had any significant limitations from the mental point of view.

The Commissioner is charged with the duty to weigh the evidence, to resolve material conflicts in the testimony and to determine the case accordingly. Richardson v. Perales, 402 U.S. 389, 400 (1971); Tremblay v. Secretary of Health and Human Services, 676 F. 2d 11, 12 (1st Cir. 1982); Rodríguez v. Secretary of Health and Human Services, 647 F. 2d 218, 222 (1st Cir. 1981). The findings of the Commissioner are conclusive if supported by substantial evidence and should be upheld even in those cases in which the reviewing court, had it heard the same evidence de novo, might have found otherwise. Lizotte v. Secretary of Health and Human Services, 654 F. 2d 127, 128 (1st Cir. 1981); Reyes Robles v. Finch, 409 F. 2d at 86.

Under this deferential standard, the Court finds itself obligated to **AFFIRM** the decision below.

---

[1] Although plaintiff was diagnosed as having a depressive disorder, the mere existence of a mental impairment is not sufficient to establish disability absent a showing of related functional loss. Sitar v. Schweiker, 671 F. 2d 19, 20-21 (1st Cir. 1982). As his medical reports demonstrate, no such showing was made by plaintiff.

**CIVIL NO. 04-1995 (JAF)**                              5

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111(1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).

**SO RECOMMENDED.**

In San Juan, Puerto Rico, this 16th day of August, 2005.

*S/ Gustavo A. Gelpi*

**GUSTAVO A. GELPI**
United States Magistrate-Judge